**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>FORTINET, INC.,<br><br>                    Defendant. | Civil Action No. 1:13-cv-1862-RGA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF INNOVATIVE WIRELESS SOLUTIONS, LLC'S
OPPOSITION TO DEFENDANT FORTINET, INC.'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER , OR IN THE
<u>ALTERNATIVE, FOR FAILURE TO STATE A CLAIM</u>**

Jonathan Baker (Admitted *Pro Hac Vice*)
Email: jbaker@farneydaniels.com
Michael Saunders (Admitted *Pro Hac Vice*)
Email: msaunders@farneydaniels.com
Gurtej Singh (Admitted *Pro Hac Vice*)
Email: tsingh@farneydaniels.com
FARNEY DANIELS PC
411 Borel Ave., Suite 350
San Mateo, California 94402
Telephone: (424) 268-5200
Facsimile: (424) 268-5219

Stephanie Wood (Admitted *Pro Hac Vice*)
Email: swood@farneydaniels.com
FARNEY DANIELS PC
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829

Dated: February 6, 2014

Timothy Devlin #4241
Email: tdevlin@farneydaniels.com
Farney Daniels PC
1220 North Market Street, Suite 850
Wilmington, Delaware 19801
Telephone: (302) 300-4626

Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
INNOVATIVE WIRELESS SOLUTIONS, LLC

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT ....................................................................................... 1

III. STATEMENT OF FACTS .............................................................................................. 3

IV. LEGAL STANDARD ..................................................................................................... 5

V. ARGUMENT .................................................................................................................. 6

    A. There Is No Dispute That IWS Has Standing ...................................................... 7

    B. The Complaint Adequately Pleads Indirect Infringement .................................... 7

        1. The Allegations In IWS' Complaint Are Nearly Identical To Those Held To Be Sufficient By Other Courts In This District To Plead Indirect Infringement .................................................................................. 7

        2. The Complaint Adequately Pleads The Requisite Knowledge Required For Inducement And Contributory Infringement And The Case Law Relied On By Fortinet Is Inapposite ......................................... 8

        3. The Complaint Adequately Pleads Intent to Induce Infringement And The Case Law Relied On By Fortinet Is Distinguishable ........................ 11

VI. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*,
   No. 12-1292-LPS-CJB, D.I. 22, 2013 U.S. Dist. LEXIS 127819
   (D. Del. Sept. 9, 2013) .................................................................................................... 7, 8, 9

*Apeldyn Corp. v. Sony Corp.*,
   852 F. Supp. 2d 568 (D. Del. 2012) (Robinson, J.) ............................................................... 10

*Hand Held Prods. v. Amazon.com, Inc.*,
   No. 12-CV-00768-RGA-MPT, D.I. 21, 2013 U.S. Dist. LEXIS 16328
   (D. Del. Feb. 6, 2013) ...................................................................................................... 5, 6, 7

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) (Farnan, J.) .................................................................... 10

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
   No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) .............................. 10

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
   852 F. Supp. 2d 470 (D. Del. 2012) ......................................................................................... 8

*Pragmatus AV, LLC v. Yahoo! Inc.*,
   No. 11-902-LPS-CJB, 2013 U.S. Dist. LEXIS 73636 (D. Del. May 24, 2013) ..................... 11

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*,
   681 F.3d 1323 (Fed. Cir. 2012) .......................................................................................... 6, 12

*SoftView LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) ............................ 10

*Telecomm Innovations, LLC v. Ricoh Co., Ltd.*,
   No 12-1277, 2013 U.S. Dist. LEXIS 110291 (D. Del. Aug. 6, 2013) .................................. 6, 8

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012) ....................................................................................... 11

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) (Robinson, J.) ............................................................... 10

**Statutes**

35 U.S.C. § 261 ............................................................................................................................ 1

**Other Authorities**

37 CFR 3.54 ................................................................................................................................. 1

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

This is an action for patent infringement in which Plaintiff Innovative Wireless Solutions, LLC ("IWS") has asserted three patents—U.S. Patent Nos. 5,912,895 (the "'895 Patent"); 6,327,264 (the "'264 Patent"); and 6,587,473 (the "'473 Patent") (collectively, the "patents-in-suit")—against Defendant Fortinet, Inc. ("Fortinet"). IWS filed the Complaint on November 16, 2013 (D.I. 1), Fortinet moved to dismiss on January 13, 2014. (D.I. 8, 9.)

II.     **SUMMARY OF ARGUMENT**

Fortinet moved to dismiss on two distinct grounds: (i) for lack of standing due to a purported break in the chain of assignments of title to the patents-in-suit recorded with the United States Patent Office, and (ii) for failure to state a claim for allegedly failing to plead indirect infringement with adequate factual specificity. Neither of these grounds have merit.

As to the first ground, there is no break in the chain of title of the patents-in-suit and Fortinet now admits that. Indeed, there is no requirement that a patentee record all assignments before filing an infringement suit 35 U.S.C. § 261, and what is recorded in the patent office is not determinative of whether or not standing exists. 37 CFR 3.54. Nevertheless, Fortinet made no attempt to contact IWS before filing its motion to determine whether there was an actual break in the chain of title, rather than merely an apparent gap in the documents which had been recorded with the Patent Office. After Fortinet filed its motion, IWS produced to Fortinet a set of assignments to the patents-in-suit demonstrating an unbroken chain of assignments of title to the patents-in-suit, all executed before the filing of this litigation, and culminating in IWS's title to the patents-in-suit. (Declaration of Michael Saunders ("Saunders Decl.") Ex. A.)

These documents included a Certificate of Merger issued by the Delaware Secretary of State of the merger of Elastic Networks, Inc. into Paradyne Corporation, with Paradyne Corporation as the surviving corporation, effective December 31, 2004. A copy of that merger is attached as an exhibit hereto. (Saunders Decl. Ex. B.) That merger closed the purported gap in the chain of title identified by Fortinet in its motion to dismiss. (D.I. 9 at 4 ("there is still no assignment from Elastic to either of the two Paradyne entities").) After receiving the assignment

1

documents including the certificate of merger, counsel for Fortinet confirmed that "[o]n the basis of the materials attached to" IWS's counsel's email, "Fortinet is willing to drop the portion of its currently pending motion to dismiss that challenges IWS's standing."  (Saunders Decl. Ex. C.)

In light of this merger agreement and Fortinet's counsel's agreement to drop this ground of its pending motion to dismiss, IWS is not including further briefing as to this issue in this brief.  However, recognizing that the issue of standing is one that the Court may address on its own motion, IWS is prepared to submit any further materials and briefing that the Court requests.

As to the second ground of Fortinet's motion, Fortinet argues that IWS's allegations of indirect patent infringement are inadequately pled.  Fortinet, however, mischaracterizes the allegations in the complaint as a "mere recitation of the elements for indirect infringement." (D.I. 9 at 18.)  On the contrary, IWS's complaint includes comprehensive and specific factual allegations sufficient to plead both induced and contributory patent infringement, including:

- "IWS provided actual notice to [Fortinet] of its infringement of the" patents-in-suit "in a letter dated October 18, 2013 from IWS to [Fortinet]."  (D.I. 1 at ¶¶ 13-14, 17, 24-25, 27, 33-34, and 37.)

- "In this letter, IWS informed [Fortinet] that it was infringing the" '895, '264, and '473 patents "by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network."  (*Id.* at ¶¶ 13, 17, 24, 27, 33, and 37.)

- The letter told Fortinet, on a limitation by limitation basis, how Fortinet's products met the limitations of a specific claim from each of the patents-in-suit.  (*Id.* at ¶¶ 14, 25, and 34.)

- Additionally, the notice letter explained how Fortinet induced infringement of the patents-in-suit by its "partners, customers, and end users of" Fortinet's products by "advertising, offering for sale, and selling" Fortinet's products "and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of" those products.  (*Id.* at ¶¶ 15, 26, and 35.)

- The letter to Fortinet also explained how Fortinet's customers directly infringed the patents-in-suit by: "(1) performing the steps of the method claims in connection with use of" Fortinet's products, "(2) using" Fortinet's products, "and (3) combining" Fortinet's

products "with other components to form the claimed invention." (*Id.* at ¶¶ 15, 26, and 35.)

- As to contributory infringement—which is alleged only for the '895 and '473 Patents—the notice letter explained that Fortinet's products "were made or especially adapted for use in an infringement" "and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface a wireless network to an Ethernet network and provide control information to the wireless devices." (*Id.* at ¶¶ 16 and 36.)

- Thus, Fortinet "has had actual knowledge of" the patents-in-suit "and its infringement of [those] patent[s] since at least the date that [Fortinet] received the October 18, 2013 notice letter from IWS." (*Id.* at ¶¶ 17, 27, and 37.)

- Despite having actual knowledge of the patents-in-suit and notice of its infringing activity, Fortinet "continues to directly infringe" the patents-in-suit, "continues to induce others to infringe" the patents-in-suit, and "continues to commit acts of contributory infringement" of the '895 and '473 Patents. (*Id.* at ¶¶ 18-20, 22, 28-29, 31, 38-40, 42.)

Courts in this District have held that allegations almost identical to these to be sufficient to plead indirect infringement.

Because there is no longer a present dispute about IWS' standing to assert the patents-in-suit, and because the complaint contains detailed factual allegations of indirect infringement beyond those required by the precedent of this District, IWS respectfully requests that Fortinet's motion to dismiss be denied.

## III.    STATEMENT OF FACTS

Fortinet has had knowledge of the patents-in-suit since at least its receipt of the October 18, 2013 notice letter IWS sent via certified mail that informed Fortinet of its infringement of the patents-in-suit and requested that Fortinet contact IWS's counsel to discuss an appropriate resolution of Fortinet's past and ongoing infringement of the patents-in-suit. (D.I. 1 at ¶¶ 13-14, 17, 24-25, 27, 33-34, and 37.)  After receiving no response to its letter, IWS filed this suit against Fortinet for infringement of the '895, '264, and '473 patents on November 6, 2013. (D.I. 1.)

IWS's complaint summarizes and sets forth the contents of the letter to Fortinet (D.I. 1 at ¶¶ 13-16, 24-26, 33-36), identifies the patents-in-suit (*id.* at ¶¶ 7-11), describes the products accused of infringement (*id.* at ¶¶ 18, 28, 38), identifies a specific Fortinet product by model number (*id.*), and alleges that Fortinet has continued to infringe after receiving the letter (*id.* at ¶¶

3

18-20, 22, 28-29, 31, 38-40, 42.) IWS's complaint also sets forth the letter's description of how Fortinet's accused products infringe at least one claim of each patent-in-suit on an element-by-element basis. (*Id.* at ¶¶ 14, 25, 34.) For example, the complaint avers that "IWS's letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 40 of the '473 Patent in at least the following manner:." (*Id.* at ¶ 34). The complaint continues, averring that the letter identified what aspects of Fortinet's products read on what limitations of the claim: "[t]he '473 Patent Accused Products provide communication between a CSMA/CD network (an Ethernet network) and a bidirectional communications path (the wireless path)." (*Id.* at ¶ 34(a)). The complaint continues to set forth the contents of the letter to Fortinet, which explained that Fortinet's products directly infringe because they:

- "include an Ethernet interface that contains an Ethernet modem that receives information packets from an Ethernet network" (*id.* at ¶ 34(b)),

- "transmit the information packets over the wireless path in a direction towards a station" (*id.* at ¶ 34(c)),

- "include a controller that implements the control protocol as defined in IEEE 802.11. In accordance with that protocol" and which "provides information that controls when stations connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner" (*id.* at ¶ 34(d)), and

- "receive information corresponding to information packets from the wireless path at the Ethernet modem and transmit those information packets over the Ethernet network" (*Id.* at ¶ 34(e)).

Similarly detailed allegations are provided for the '895 and '273 Patents. (D.I. 1 at ¶¶ 14, 25.) As to indirect infringement, IWS's complaint also provides specific factual details. The complaint identifies the direct infringers as Fortinet's "partners, customers and end users of" Fortinet's products. (*Id.* at ¶¶ 15, 26, and 35.) The complaint explains that the acts of direct infringement constitute "(1) performing the steps of the method claims in connection with use of" Fortinet's products, "(2) using [Fortinet's] Products; and (3) combining [Fortinet's] Products with other components to form the claimed invention" (*Id.* ¶¶ 15, 19, 26, 29, 35, 39.) The

4

complaint explains that Fortinet's acts of inducement include "advertising, offering for sale, and selling" its products "and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features." (*Id.* at ¶¶ 15, 19, 22, 26, 29, 31, 35, 39, 42.)

On January 13, 2014, Fortinet moved to dismiss the Complaint. On January 21, 2014 counsel for IWS provided counsel for Fortinet with a copy of the assignments demonstrating IWS's title to the patents-in-suit. (Saunders Decl. Ex. A.) On January 24, 2014, counsel for Fortinet responded that "[o]n the basis of the materials attached to" IWS's counsel's email, "Fortinet is willing to drop the portion of its currently pending motion to dismiss that challenges IWS's standing." (Saunders Decl. Ex. C.) Fortinet's motion does not challenge IWS's pleading of direct infringement, and thus, the only remaining dispute between the parties is whether IWS has sufficiently pled indirect infringement.

## IV. LEGAL STANDARD

"[T]o survive a motion to dismiss under Rule 12(b)(6), a complaint 'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Hand Held Prods. v. Amazon.com, Inc.*, No.: 12-CV-00768-RGA-MPT, D.I. 21, 2013 U.S. Dist. LEXIS 16328, *4-5 (D. Del. Feb. 6, 2013), *report and recommendation adopted* No.: 12-CV-00768-RGA-MPT D.I. 24 (D. Del. Mar. 15, 2013) (Andrews, J.) (citations and quotations omitted). "The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Id.* "Evaluating a motion to dismiss requires the court to accept as true all material allegations of the complaint." *Id.* "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* "A motion to dismiss may be granted only if, after, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." *Id.*

To plead infringement by inducement, "[a] plaintiff must aver 'the alleged infringer had 'knowledge that the induced acts constitute patent infringement.'" *Id. at *9*. "This element

5

inherently requires the alleged infringer have knowledge of the patent, and 'knew or should have known [their] actions would induce actual infringement.'" *Id.* Pleading inducement also requires a plaintiff to "assert 'culpable conduct, [i.e., intent] directed to encourage another's infringement,'" but such "culpable conduct may be ple[]d circumstantially." *Id.* "[A] plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Moreover, it is "sufficient to plead defendants' specific intent" by alleging that defendants have engaged in "advertising directed toward customers to encourage the customers to utilize the patented." *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, No 12-1277, 2013 U.S. Dist. LEXIS 110291, *12 (D. Del. Aug. 6, 2013).

To plead contributory infringement, a plaintiff must allege that "an alleged infringer (1) offered to sell, sells, or imports, (2) a material part of an patented invention, (3) knew of the patented invention, (4) knew the part was made for, or adapted to use, in a patented invention, and (5) the part has no substantial noninfringing use." *Hand Held Prods. v. Amazon.com, Inc.*, No.: 12-CV-00768-RGA-MPT, D.I. 21, 2013 U.S. Dist. LEXIS 16328, *11 (D. Del. Feb. 6, 2013), *report and recommendation adopted* No.: 12-CV-00768-RGA-MPT D.I. 24 (D. Del. Mar. 15, 2013) (Andrews, J.). "With respect to elements (3) and (4), the pleading may use the same knowledge for contributory infringement as under inducement, because the knowledge for inducement is the same knowledge for contributory infringement." *Id.* "For element (5), a plaintiff must assert 'facts that allow an inference that the [parts] . . . have no substantial non-infringing uses.'" *Id.* at *11-12.

V.  ARGUMENT

Fortinet challenges the sufficiency of IWS's pleading of indirect infringement as to the knowledge requirement for inducement and contributory infringement and the intent requirement for inducement. (D.I. 9 at 2.) Neither of these arguments have merit, as IWS's complaint sets

6

forth specific factual allegations demonstrating Fortinet's knowledge of the patents-in-suit and intent to induce infringement.

### A. There Is No Dispute That IWS Has Standing

As described above in the Summary of the Argument and Statement of Facts, Fortinet's motion to dismiss for lack of standing is no longer contested. IWS has provided documentation demonstrating its title to the patents-in-suit, and Fortinet's counsel has agreed to drop that portion of Fortinet's motion. Nevertheless, IWS is prepared to brief the issue to the extent requested by the Court.

### B. The Complaint Adequately Pleads Indirect Infringement

#### 1. The Allegations In IWS' Complaint Are Nearly Identical To Those Held To Be Sufficient By Other Courts In This District To Plead Indirect Infringement

Courts in this district have held that allegations almost identical to those in IWS' complaint, as well as even less specific allegations, to be sufficient to plead indirect infringement.

For example, in *Hand Held Prods. v. Amazon.com*, the Court held that plaintiff's allegations were sufficient to "assert[] a plausible claim of inducement" because the complaint averred that "[a]fter being notified of infringement, . . . [Defendant] AMZN continues to the present to 'market and encourage customers to download Amazon's Applications.'" *Hand Held Prods. v. Amazon.com, Inc.*, No. 12-CV-00768-RGA-MPT, D.I. 21, 2013 U.S. Dist. LEXIS 16328, *16-17 (D. Del. Feb. 6, 2013), *report and recommendation adopted* No.: 12-CV-00768-RGA-MPT D.I. 24 (D. Del. Mar. 15, 2013) (Andrews, J.). The allegations here are nearly the same. (D.I. 1 at ¶¶ 15, 26, and 35.). The Court in *Hand Held Prods.* also found the allegations of contributory infringement to be adequately pled, as "the knowledge required for inducement is the same knowledge needed for contributory infringement" *Id.* at *20. Again, the allegations here are almost identical. (D.I. 1 at ¶¶ 16 and 36.)

Nor is *Hand Held Prods.* an isolated case in this District. Similarly, in *Advanced Optical Tracking v. Koninklijke Philips*, the court held that inducement was adequately pled because the

7

complaint "identifies [pre-suit] notice letters . . . [that] not only identified the patent-in-suit and the induced infringement claim, but that they also identified the accused products at issue, the alleged direct infringers (Defendants' suppliers, distributors, and resellers), how the alleged direct infringers were alleged to have infringed the patent (i.e., through the manufacture, use, sale and offer for sale of the accused products) and certain exemplary actions by which Defendants were asserted to have acted to induce infringement (i.e., by 'entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements' with those suppliers, distributors, and resellers)." *Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*, No. 12-1292-LPS-CJB, D.I. 22, 2013 U.S. Dist. LEXIS 127819, *8-9 (D. Del. Sept. 9, 2013), *report and recommendation adopted*, No. 12-1292-LPS-CJB D.I. 28 (D. Del. Sept. 30, 2013). Similarly, in *Telecomm Innovations v. Ricoh*, the Court held that an even lower standard of indirect infringement applied: "plaintiff need only identify the patent-at-issue, the allegedly infringing conduct, the notice afforded by service of the original complaint, and the apparent decision to continue the inducement post-service." *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, No 12-1277, 2013 U.S. Dist. LEXIS 110291, *8-12 (D. Del. Aug. 6, 2013). In *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 475-76 (D. Del. 2012), the Court held it sufficient that the plaintiff had pled that "Ruckus has knowingly induced infringement of the '035 patent with specific intent to do so by its activities relating to the marketing and distribution of its ZoneDirector, FlexMaster, and/or ZonePlanner products to manage the use of ZoneFlex products." Furthermore, none of the case law relied on by Plaintiffs is relevant, as those cases involved truly generic allegations and did not involve specific allegations of a pre-suit letter.

    **2.** **The Complaint Adequately Pleads The Requisite Knowledge Required For Inducement And Contributory Infringement And The Case Law Relied On By Fortinet Is Inapposite**

Fortinet's arguments as to knowledge mischaracterize IWS's complaint and misconstrue the applicable case law. Courts in this district have uniformly held that a pre-suit notice letter to

8

the infringer informing it of the asserted patents and the claim of infringement is sufficient to plead knowledge.

> [T]he FAC identifies September 19, 2012 notice letters that are asserted to have provided Defendants with knowledge of the inducement claims, and explains how that notification was allegedly sent to Defendants. Additionally, AOT's allegations indicate that these letters not only identified the patent-in-suit and the induced infringement claim, but that they also identified the accused products at issue, the alleged direct infringers (Defendants' suppliers, distributors, and resellers), how the alleged direct infringers were alleged to have infringed the patent (i.e., through the manufacture, use, sale and offer for sale of the accused products) and certain exemplary actions by which Defendants were asserted to have acted to induce infringement (i.e., by "entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements" with those suppliers, distributors, and resellers). . . . [Plaintiff] has sufficiently alleged that it provided enough information in these notice letters for Defendants to gain knowledge of the patent-at-issue and of the contours of its induced infringement claims.

*Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*, No. 12-1292-LPS-CJB, D.I. 22, 2013 U.S. Dist. LEXIS 127819, *7-10 (D. Del. Sept. 9, 2013), *report and recommendation adopted*, No. 12-1292-LPS-CJB D.I. 28 (D. Del. Sept. 30, 2013) (citations omitted).

IWS has pled that, prior to filing the complaint, "in a letter dated October 18, 2013," "IWS informed [Fortinet] that it was infringing the" patents-in-suit "by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network." (D.I. 1 at ¶¶ 13, 24, 33.) The letter also informed Fortinet that it was inducing infringement by "advertising, offering for sale, and selling" its products and "providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of" those products. (*Id.* at ¶¶ 15, 26, and 35.) The letter continued to explain that Fortinet's acts of inducement resulted in direct infringement by Fortinet's "partners, customers, and end users of" Fortinet's products, who "(1) perform[ed] the steps of the method claims in connection with use of" Fortinet's products, "(2) use[d] [Fortinet's] Products; and (3) combin[ed] [Fortinet's] Products with other components to form the claimed invention." (*Id.* at ¶¶ 15, 19, 26, 29, 35, 39.) As alleged in the complaint, despite receiving this letter, Fortinet "continue[s]" to infringe. (*Id.* at ¶¶ 18-20, 22, 28-29, 31,

9

38-40, 42.)  These allegations are more than sufficient to demonstrate that Fortinet had knowledge.

Indeed, Fortinet's arguments to the contrary, that "[t]here are simply no facts pertaining to Fortinet's knowledge of whether or how its 'partners, customers and end users' infringed the patents in suit or that Fortinet was aware of the patents in suit at the time of the alleged infringement" (D.I. 9 at 17) are plainly wrong.  Fortinet had knowledge of how its partners, customers, and end users infringe because IWS told them in the letter that using Fortinet's products infringed and provided in that letter a limitation-by-limitation description of how they infringed.  (D.I. 1 at ¶¶ 14-15, 25-26, 34-35.)  Fortinet "was aware of the patents in suit at the time of the alleged infringement" because Fortinet "continued" and "continues" to infringe after receiving IWS's letter.  (*Id.* at ¶¶ 18-20, 22, 28-29, 31, 38-40, 42.)

Moreover, all of the cases which Fortinet relies on are inapposite.  In *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, the "Plaintiff's allegations of knowledge were merely that '[d]efendant[s] [] had actual notice of infringement of the '174 patent before the filing of this complaint'"  No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, *15 (D. Del. Mar. 16, 2011).  In *Xpoint* and *Mallinckrodt*, there was no allegation of a pre-suit notice or any knowledge of the patents other than the notice by service of the complaint in that very case.  *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-357 (D. Del. 2010) (Robinson, J.); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) (Farnan, J.).  Furthermore, Judge Robinson expressly abrogated the position in subsequent decisions, *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 n. 8 (D. Del. 2012) (Robinson, J.) ("The court acknowledges that this result is inconsistent with its prior decisions in *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010)").  Other courts in this District have also rejected the holdings of *Xpoint* and *Mallincrodt*.  *See SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, *22-24 (D. Del. July 26, 2012).  All of these cases are readily distinguishable because none of them involved, as here, the allegation that the plaintiff sent a detailed pre-suit

10

letter identifying explaining in detail the nature of defendant's infringement and that defendant, despite the letter, continued to infringe.

Thus, contrary to Fortinet's arguments, IWS has adequately pled the requisite knowledge required for inducement and contributory infringement.

### 3. The Complaint Adequately Pleads Intent to Induce Infringement And The Case Law Relied On By Fortinet Is Distinguishable

Similar to its arguments as to knowledge, Fortinet incredulously argues that "IWS has provided no *facts* that would allow this Court to make any inferences as to Fortinet's intent." (D.I. 9 at 19.) Courts in this district have uniformly held that "pleading requirements for indirect infringement" are satisfied by alleging that: (i) Defendant received a document which "sufficiently identifies . . . the patent at issue and the allegedly infringing conduct," and (ii) that defendant "deci[ded] to continue its conduct despite the knowledge gleaned from the [document]." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565-566 (D. Del. 2012). There is no dispute that IWS has sufficiently alleged that it sent a letter that identified the patents-in-suit to Fortinet, that the letter identified the allegedly infringing conduct, and that Fortinet has continued to infringe. (*Id.* at ¶¶ 13-16, 18-20, 22, 24-26, 28-29, 31, 33-36, 38-40, 42.)

Moreover, the complaint contains additional factual allegations explaining that Fortinet induced infringement of the patents-in-suit by its "partners, customers, and end users of" Fortinet's products by "advertising, offering for sale, and selling" Fortinet's products "and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of" those products. (D.I. at ¶¶ 15, 26, and 35.)

Also, again, the cases relied on by Fortinet are distinguishable. In *Pragmatus v. Yahoo,* the only allegation as to intent was that "Pragmatus has provided Yahoo! written notice of its infringement." *Pragmatus AV, LLC v. Yahoo! Inc.,* No. 11-902-LPS-CJB, 2013 U.S. Dist. LEXIS 73636, *3-4 (D. Del. May 24, 2013). Thus, the court concluded the pleadings were inadequate because there was no allegation "as to the relationship between Yahoo! and users of

11

the accused Yahoo! Messenger product." *Id.* Here, to the contrary, IWS has pled such a relationship by Fortinet's "advertising, offering for sale, and selling" its products "and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features." (*Id.* at ¶¶ 15, 26, and 35.) Indeed, contrary to Fortinet's argument and reliance on *In re Bill of Lading*, the Federal Circuit in that case expressly found pleading that the defendant knew of the patents and engaged in advertising was sufficient to plead indirect infringement and reversed the district court's ruling. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1341-1346 (Fed. Cir. 2012).

Thus, contrary to Fortinet's arguments, IWS has pled facts sufficient to plausibly allege Fortinet's intent to induce infringement.

## VI. CONCLUSION

For the reasons set forth above, IWS respectfully requests that the Court deny Fortinet's motion to dismiss.

Dated: February 6, 2014                     Respectfully submitted,

FARNEY DANIELS PC

*/s/ Timothy Devlin*
Timothy Devlin #4241
tdevlin@farneydaniels.com
FARNEY DANIELS PC
1220 Market Street, Suite 850
Wilmington, DE 19801
Telephone: (302) 300-4626

Jonathan Baker (Admitted *Pro Hac Vice*)
jbaker@farneydaniels.com
Michael Saunders (Admitted *Pro Hac Vice*)
msaunders@farneydaniels.com
Gurtej Singh (Admitted *Pro Hac Vice*)
tsingh@farneydaniels.com
411 Borel Avenue, Ste. 350
San Mateo, CA 94402
Telephone: (424) 268-5210

Stephanie R. Wood (Admitted *Pro Hac Vice*)
swood@farneydaniels.com
FARNEY DANIELS PC
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828

Stamatios Stamoulis #4606
        stamoulis@swdelaw.com
Richard C. Weinblatt #5080
        weinblatt@swdelaw.com
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Innovative Wireless Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2014, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ Timothy Devlin*
Timothy Devlin #4241